[Cite as *In re Bolton*, 2023-Ohio-3347.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| IN RE:  LEIGHTON D. BOLTON | Case No. 2023-00115VI |
| LEIGHTON D. BOLTON | Magistrate Daniel R. Borchert |
| Applicant | DECISION OF THE MAGISTRATE |

{¶1}   On October 11, 2022, applicant, Leighton D. Bolton, filed a compensation application asserting he sustained injury as the result of an aggravated robbery on August 21, 2000.  Applicant sought compensation for the medical expenses incurred.

{¶2}   On November 3, 2022, the Attorney General ("AG") issued a finding of fact and decision denying applicant's claim because it was filed outside of the three-year period permitted by R.C. 2743.56(B) and 2743.60(A)(2)(a) effective March 3, 2022.

{¶3}   On November 23, 2022, applicant filed a request for reconsideration which states that he sustained injuries from the robbery on August 21, 2000.

{¶4}   On January 23, 2023, the AG rendered a final decision finding no reason to modify the original decision.  On February 10, 2023, applicant filed a notice of appeal from the AG's final decision.

{¶5}   Applicant filed a brief with the court asserting that applying R.C. 2743.56(B) and R.C. 2743.60(A)(2)(a) retroactively violates his constitutional rights.  Hence, a hearing was held before this magistrate on May 11, 2023, at 10:00 a.m.

{¶6}   Applicant, Leighton D. Bolton, did not appear.  The State of Ohio was represented by Senior Assistant Attorney General Yan Chen.

{¶7}   The AG made a brief statement asserting that effective March 3, 2022, R.C. 2743.56(B) and 2743.60(A)(2)(a) do not allow awards to be granted if a victim files their claim more than three years after the crime occurred.  The AG stated that applicant filed his claim twenty-two years after the crime occurred on October 11, 2022; thus, the three-year time bar is applicable.  The AG stated that applicant was almost twenty-four when

the crime occurred. Therefore, the AG requested that its January 23, 2023, final decision be affirmed.

{¶8} R.C. 2743.56(B) states: "All applications for an award of reparations may be filed at any time within three years after the occurrence of the criminally injurious conduct, except as provided in divisions (A)(2)(b) to (d) of section 2743.60 of the Revised Code."

{¶9} R.C. 2743.60(A)(2) states, in pertinent part:

"(a) Except as provided in division (A)(2)(b), (c), or (d) of this section, the attorney general or court of claims shall not make or order an award of reparations to a claimant if the claims is based on criminally injurious conduct that occurred more than three years before the claim was filed or if the claims was denied under the law as it existed prior to the effective date of this amendment.

"(b) If the claimant was under twenty-one years of age at the time of the criminally injurious conduct, the claim is not barred under division (A)(2)(a) of this section until after the claimant's twenty-fourth birthday.

"(c) If the claim is based on criminally injurious conduct that occurred prior to the effective date of this section and was denied under the law as it existed prior to the effective date of this amendment, the claim is not barred under division "(A)(2)(a) of this section and the claimant is eligible to reapply for relief under this section until more than three years have passed since the criminally injurious conduct that gave rise to the claim."

{¶10} The Ohio Constitution provides:

"The general assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts; but may, by general laws, authorize courts to carry into effect, upon such terms as shall be just and equitable, the manifest intention of parties, and officers, by curing omissions, defects, and errors, in instruments and proceedings, arising out of their want of conformity with the laws of this state." Ohio Constitution, Article II, section 28."

{¶11} However, the supreme court has held that this does not apply in certain circumstances. "*Rairden v. Holden, supra* at paragraph two of the syllabus, held that: 'A statute purely remedial in its operation on pre-existing rights, obligations, duties and

interests, is not within the mischiefs against which [Section 28, Article II] * * * was intended to guard, and is not, therefore, within a just construction of its terms.' * * * Remedial laws are those affecting only the remedy provided.  These include laws which merely substitute a new or more appropriate remedy for the enforcement of an existing right."  *Van Fossen v. Babcock & Wilcox Co.*, 36 Ohio St.3d 100, 522 N.E.2d 489 (1988).

{¶12}  Here, the amendments to R.C. 2743.56(B) and 2743.60(A)(2)(a) are of the sort described in *Van Fossen*.

{¶13}  Applicant filed his application on October 11, 2022.  The law, currently in effect and in effect at that time, does not allow for an award to be granted if the victim files more than three years after the crime occurred.  Applicant stated that the crime occurred in 2000.  Applicant did not provide any evidence that the exceptions to the three-year period are applicable.  Therefore, I recommend the Attorney General's January 23, 2023, decision be affirmed.

{¶14}  *A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i).  If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed.  A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

DANIEL R. BORCHERT
Magistrate

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to:

Filed 5/17/23
Sent to S.C. Reporter 9/20/23

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| IN RE:  LEIGHTON D. BOLTON | Case No. 2023-00115VI |
| LEIGHTON D. BOLTON | Judge Lisa L. Sadler |
| Applicant | ORDER |

{¶15}  On May 11, 2023, a hearing was held in this matter before a Magistrate of this court.  On May 17, 2023, the Magistrate issued a Decision wherein he found that applicant failed to timely submit his claim.  Pursuant to R.C. 2743.56(B) and 2743.60(A)(2)(a), applicant's claim occurred in 2000, but did not file until 2022.  Therefore, the Magistrate recommended the Attorney General's Final Decision be affirmed.

{¶16}  Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)."  No objections were filed.

{¶17}  Upon review of the claim file, and the Magistrate's Decision, it is the Court's finding that the Magistrate was correct in his analysis of the issues and application of the law.  Accordingly, this court adopts the Magistrate's Decision and recommendation as its own.

{¶18}  IT IS HEREBY ORDERED THAT

{¶19}  The May 17, 2023 Decision of the Magistrate is ADOPTED;

{¶20}  This claim is DENIED and judgment entered for state of Ohio;

{¶21}  Costs assumed by the reparations fund.

LISA L. SADLER
Judge

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Cuyahoga County Prosecuting Attorney and to:

Filed 6/7/23
Sent to S.C. Reporter 9/20/23